SUSAN JANE BROWN (OSB #054607)
SANGYE INCE-JOHANNSEN (OSB #193827)
Western Environmental Law Center
120 Shelton McMurphey Blvd., Ste. 340
Eugene, Oregon 97401
(503) 914-1323 | Phone
(541) 778-6626 | Phone
brown@westernlaw.org
sangyeij@westernlaw.org

BRODIA NARDI MINTER (OSB #164414)
Klamath Siskiyou Wildlands Center
P.O. Box 102
Ashland, Oregon 97520
(541) 488-5789 | Phone
Brodia@kswild.org

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, CASCADIA WILDLANDS, and SODA MOUNTAIN WILDERNESS COUNCIL, *Plaintiffs,* vs. UNITED STATES BUREAU OF LAND MANAGEMENT, *Defendant.* | Civ. Case No. 1:19-cv-02069-CL  **NOTICE OF SUPPLEMENTAL AUTHORITY** |

Counsel for Plaintiffs provides this notice of supplemental authority regarding a federal agency's ability to tier the consideration of the environmental consequences of a site-specific action to a programmatic analysis under the National Environmental Policy Act (NEPA). In *N.*

**PAGE 1 – NOTICE OF SUPPLEMENTAL AUTHORITY**

*Alaska Envtl. Ctr. v. U.S. Dep't of the Interior*, the Ninth Court considered the scope of a programmatic environmental impact statement (EIS) to determine if further site-specific environmental review was necessary for an oil and gas lease sale, and "whether the agency's interpretation of the scope is reasonable." 2020 WL 3866583, *13 (9th Cir. 2020) (*NAEC*). Specifically, the Court held that "the NEPA regulations emphasize the need for EISs to carefully define the proposal(s) under consideration, and specify detailed criteria to be consulted in the process." *Id.* at *12.

Unlike *NAEC*, where the EIS explicitly stated "BLM anticipates that this IAP/EIS will fulfill the NEPA requirements for the first oil and gas lease sale" and as to future lease sales, "'"the agency would conduct a determination of the existing NEPA documentation's adequacy,"'" the EIS to which the Revised Environmental Assessment for the Griffin Half Moon timber sale allegedly tiers is unambiguous in its scope that site-specific review of subsequent actions is necessary prior to project-level implementation.[1]  *NAEC* at *14.  Plaintiffs' Reply Memorandum In Support of Motion For Summary Judgement at 1, 4-8, *Klamath Siskiyou Wildlands Center et al., v. Bureau of Land Management et al.,* Civ. Case No. 1:19-cv-02069-CL (D. Or., June 26, 2020), ECF No. 42. Therefore, the decision in *NAEC* confirms that the BLM improperly attempted to tier the effects of the Griffin Half Moon timber sale to the programmatic environmental impact statement supporting the BLM's Resource Management Plan.

Respectfully submitted and dated this 15th day of July, 2020.

s/ Brodia N. Minter            .
BRODIA NARDI MINTER (OSB #164414)

---

[1] "[L]and use plan decisions … do not directly authorize implementation of on-the-ground projects, which the BLM can carry out only after completion of further NEPA compliance and decision-making processes and consultation as appropriate." AR_006286.

**PAGE 2 – NOTICE OF SUPPLEMENTAL AUTHORITY**

Klamath Siskiyou Wildlands Center
P.O. Box 102
Ashland, Oregon 97520
(541) 488-5789 | Phone
Brodia@kswild.org

*Counsel for Plaintiffs*

**PAGE 3 – NOTICE OF SUPPLEMENTAL AUTHORITY**