IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, et al., | Case No. 1:19-cv-02069-CL<br>**OPINION AND ORDER** |
| Plaintiffs, | |
| vs. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendant | |
| and | |
| MURPHY COMPANY, | |
| Defendant-Intervenor. | |

AIKEN, District Judge:

In this action, plaintiffs Klamath-Siskiyou Wildlands Center, Oregon Wild, Cascadia Wildlands, and Soda Mountain Wilderness Center challenge defendant United States Bureau of Land Management's ("BLM") decision to authorize the

Page 1 – OPINION AND ORDER

Griffin Half Moon Vegetation Management Project ("the Project"), which allows 932 acres of commercial timber harvest on BLM lands in southwestern Oregon. AR_003220. Plaintiffs assert claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), alleging that BLM violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, by insufficiently disclosing the Project's potential impacts on two species, the Great Gray Owl and the Pacific Fisher.

United States Magistrate Judge Mark Clarke issued Findings and Recommendation ("F&R") (doc. 49) in this case on January 21, 2021, which recommends that the parties' cross-motions for summary judgment (docs. 31, 40, 41) be granted in part and denied in part. Specifically, the F&R recommends that summary judgment be granted in plaintiff's favor on the Great Gray Owl claim and in BLM and defendant-intervenor Murphy Company's (collectively "defendants") favor on the Pacific Fisher claim. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Defendants filed timely objections to portions of the F&R concerning the Great Gray Owl claim, and plaintiffs responded. Docs. 55, 56, 57. Accordingly, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

BLM objects that the F&R's analysis is "premised on legal errors regarding the statutory management standard [that applies to the lands at issue] and the

applicable standard of review." BLM Obj. (doc. 56) at 13. But this objection does not provide reasons to modify or reject the F&R.

As the F&R observes, the Project will occur on lands that Congress has classified as timberlands in the Oregon and California Sustained Yield Act ("O&C Act"), 43, U.S.C. § 2601, and formally designated for timber harvest in BLM's 2016 Resource Management Plan ("RMP"). F&R at 2. The F&R also observes that BLM adopted the 2016 RMP "pursuant to [its] obligations" under the Federal Land Policy Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, among other obligations. *Id.* The F&R notes:

> Under [FLPMA], public lands must be managed
>
>> in a manner that will protect the quality of scientific, scenic, historical, ecological, environmental, air and atmospheric, water resource, and archaeological values; that, where appropriate, will preserve and protect certain public lands in their natural condition; that will provide food and habitat for fish and wildlife and domestic animals; and that will provide for outdoor recreation and human occupancy and use.

*Id.* (quoting 43 U.S.C. § 1701(a)(8)).

BLM asserts that FLPMA's multiple-use management direction "does not apply to the O&C lands that are suitable for timber production." BLM Obj. at 13.[1] "[T]he O&C Act is not a multiple use mandate for public federal forestland management[,]" but rather "a primary or dominant use statute for sustained-yield

---

[1] Similarly, Murphy asserts that the F&R "failed to acknowledge that the O&C Sustained Yield Act timberlands at issue in this case are timber production, not multiple use management, lands." Murphy Obj. (doc. 55) at 7. But Murphy does not specifically object to this aspect of the F&R.

Page 3 – OPINION AND ORDER

timber production." *Pacific Rivers, et al. v. BLM*, No. 6:16-cv-01598-JR, 2018 WL 6735090, at *17 (D. Or. Oct. 12, 2018) (internal quotation marks omitted).

Nevertheless, FLMPA does generally apply to the lands in the Project's planning area. Under FLMPA, "[t]he term 'public lands'" includes "any land and interest in land owned by the United States within the several States and administered by the Secretary of the Interior through the [BLM], without regard to how the United States acquired ownership[.]" *Id.* § 1702(e). And, as relevant background for plaintiff's claims, FLMPA requires BLM to prepare "land use plans," like the 2016 RMP, "which provide by tracts or areas for the use of the public lands." 43 U.S.C. § 1712(a). FLMPA is inapplicable to O&C timberlands only to the extent that its provisions conflict or are inconsistent with provisions of the O&C Act. 43 U.S.C. § 1701(b); *id.* note (b).

In any event, Judge Clarke did not apply FLMPA's multiple-use mandate to plaintiffs' NEPA claims and his recitation of the mandate in the F&R's background did not "infect" the F&R's NEPA analysis, as BLM asserts. BLM Obj. at 14.

The F&R's standards section cited Federal Rule of Civil Procedure 56(a) and recited the well-accepted standard of review on summary judgment under Rule 56. F&R at 4–5. BLM objects that this is the incorrect standard for reviewing a challenge to agency action under the APA. When reviewing final agency action under the APA, "there are no disputed facts that the district court must resolve" and the court must "determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co. v. INS*,

753 F.2d 766, 769 (9th Cir. 1985). Nevertheless, the Ninth Circuit has endorsed the summary judgment motion in this context as "an appropriate mechanism for deciding the legal question of whether the agency could reasonably have found the facts as it did." *City & Cnty of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997) (internal quotation marks omitted).

BLM asserts that the F&R "erred by framing the standard of review for the cross-motions for summary judgment as whether there was a 'genuine issue of material fact.'" BLM Obj. at 15 (citing F&R at 4–5). But BLM fails to show how this "framing" error, if any, "infected" the F&R's NEPA analysis. *Id.* Under the "Legal Standards" section of its discussion, the F&R correctly recounts the APA's arbitrary and capricious standard of review. F&R at 6. And Judge Clarke did not recommend that this Court deny BLM's motion on the Great Gray Owl claim because of a genuine dispute of material facts but instead resolved the challenge properly under the APA review standards.

I have considered defendants' remaining objections and conclude there is no basis to modify the F&R. I have also reviewed pertinent portions of the record de novo and find no errors in the F&R. Finally, because I adopt the F&R, defendants' alternative request to refer this matter to a judicial settlement conference is denied.

In sum, the Court ADOPTS Judge Clarke's F&R (doc. 49). Plaintiffs' Motion for Summary Judgment (doc. 31) is GRANTED with respect their first claim for relief and DENIED with respect to their second claim. BLM and Murphy's motions (docs.

40, 41) are DENIED with respect to plaintiff's first claim for relief and GRANTED with respect to the second claim.

    IT IS SO ORDERED.

    Dated this <u>29th</u> day of September 2021.

<u>/s/Ann Aiken</u>

Ann Aiken<br>United States District Judge

Page 6 – OPINION AND ORDER